|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA |
| ALICE F.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | CASE NO. 3:22-cv-05590-JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 11–20.

Plaintiff was 46 years old when he first applied for disability insurance benefits, and previously worked as a flight operations specialist. Plaintiff alleged he could no longer work because of chronic headaches, migraines, and mental health issues, but the Administrative Law Judge ("ALJ") found that plaintiff was not disabled because he had the residual functional

capacity ("RFC") to perform light work. In finding plaintiff not disabled, the ALJ discounted Dr. Ford's medical opinions regarding plaintiff's difficulties with concentration, his need to lie down, and inability to adapt to new environments, because they were inconsistent with plaintiff's medical records. Though the records relied on by the ALJ was susceptible to more than one rational interpretation, the ALJ's assessment was reasonable. The Court, therefore, upholds the ALJ's finding. The ALJ also discounted plaintiff's subjective symptom testimony. This Court previously addressed this issue and affirmed the ALJ's finding that plaintiff's testimony was inconsistent with his activities. Accordingly, the Court affirms the ALJ's decision in finding plaintiff not disabled and dismisses the case with prejudice.

## PROCEDURAL HISTORY

Plaintiff protectively filed his application for disability insurance benefits ("DIB") on February 28, 2017, alleging a disability onset date of April 25, 2012, with a date last insured of December 31, 2017, pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act. *See* Administrative Record ("AR") 91, 105. Plaintiff's application was denied initially and following reconsideration. AR 102, 118.

After two hearings in May and November 2018, ALJ Marilyn S. Mauer issued a written decision in February 2019 concluding plaintiff was not disabled pursuant to the Social Security Act. *See* AR 19–41, 726–53, 782–807. Following plaintiff's death in 2019, his widow, Alice F., filed as a substitute party and continued this claim. AR 930. In October 2019, the Court reversed and remanded ALJ Mauer's decision based on a stipulation of both parties. AR 844–45.

On August 4, 2020, ALJ Allen G. Erickson held a hearing on remand and issued a second decision in October 2020, concluding plaintiff was not disabled. AR 696–725, 754–81. This Court reversed and remanded ALJ Erickson's decision for further proceedings after finding that

1 | the ALJ erred in evaluating Dr. Amy Ford's medical opinions. AR 2084–89. On May 5, 2022,

2 | ALJ Erickson held another hearing on remand and issued a third decision, again concluding

3 | plaintiff was not disabled. AR 2004–52. Plaintiff filed a complaint in this Court seeking judicial

4 | review of the ALJ Erickson's May 2022 decision. *See* Dkt. 1. Defendant filed the sealed

5 | administrative record regarding this matter on November 22, 2022. *See* Dkt. 9.

## BACKGROUND

7 | Plaintiff was born in 1971 and was 46 years old on the alleged date of disability onset of

8 | April 25, 2012. *See* AR 91, 105. Plaintiff had at least a high school education and previously

9 | worked as flight operations specialist, but stopped working due to chronic headaches, migraines,

10 | and mental health issues. AR 52, 54, 58, 61, 2014, 2024.

11 | According to the ALJ, plaintiff had at least the severe impairments of migraine

12 | headaches, status post-traumatic brain injury ("TBI"), and post-traumatic stress disorder

13 | ("PTSD"). AR 2010.

## STANDARD OF REVIEW

15 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

16 | social security benefits if the ALJ's findings are based on legal error or not supported by

17 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

18 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

20 | In plaintiff's Opening Brief, plaintiff raises the following issues: (1) whether the ALJ

21 | properly evaluated medical opinion evidence, and (2) whether the ALJ properly evaluated

22 | plaintiff's subjective symptom testimony. Dkt 19 at 1.

23 | ///

24 |

I. **Whether the ALJ Properly Evaluated Medical Opinion**

Plaintiff contends the ALJ erred in evaluating Dr. Amy Ford's medical opinion. Dkt. 19 at 5–11.

Dr. Ford completed a psychological evaluation and memory assessment in June 2018 and provided a medical source statement in July 2018. AR 556–63. In her June 2018 evaluation, Dr. Ford opined that plaintiff "would not adapt to new environmental conditions." AR 558. In her July 2018 statement, Dr. Ford opined that plaintiff has difficulty concentrating due to his chronic head pain and that plaintiff has to lie down and rest. AR 562. The ALJ gave "some weight" to other parts of Dr. Ford's opinion but discounted those relating to plaintiff's difficulty with concentration and need to lie down and rest, and plaintiff's inability to adapt to new environmental conditions. AR 2021–22.

Plaintiff filed his application before March 27, 2017. AR 91, 105. Pursuant to the applicable rules, in assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining doctor's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

1         The ALJ first discounted Dr. Ford's opinion about plaintiff's concentration difficulties and need to lie down because it was inconsistent with medical evidence showing plaintiff's headaches symptoms improved from treatment. AR 2022. An ALJ may reasonably reject a doctor's opinions when they are inconsistent with or contradicted by the medical evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that a treating physician's opinion may properly be rejected where it is contradicted by other medical evidence in the record). The records the ALJ rely on show the administration of Botox injections reduced the intensity of plaintiff's headaches. AR 366 ("Botox has been significantly helpful by reducing intensity. Now down to only one per week"), 404 ("currently well treated with Botox"), 467 ("The headache frequency and severity went down with the injections by more than 50%"), 513 ("This last injection was helpful in reducing headache intensity"), 515 ("continue to substantially reduce headache intensity"), 1646. Given that Dr. Ford's opinion about plaintiff's difficulties with concentration and need to lie down is based on plaintiff's chronic head pain, and the medical record shows significant improvement in plaintiff's headaches throughout the relevant period, the ALJ reasonably found Dr. Ford's opinion undermined by plaintiff's medical record documenting improvement in his headaches. Even if the ALJ's assessment of the record could be interpreted differently, "'[w]here evidence is susceptible to more than one rational interpretation,'" the ALJ's decision should be upheld. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005)). The inconsistency found by the ALJ here is supported by relevant evidence "a reasonable mind might accept as adequate to support [the ALJ's] conclusion.'" *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (citations omitted). Accordingly, the Court finds the ALJ did not err in evaluating this portion of Dr. Ford's opinion.

1       The ALJ also discounted Dr. Ford's opinion from June 2018 regarding plaintiff's
2  inability to adapt to new environmental conditions because it was internally inconsistent with Dr.
3  Ford's own findings. AR 2022. An ALJ may discount a doctor's opinions when they are
4  inconsistent with or unsupported by the doctor's own clinical findings. *See Tommasetti v. Astrue*,
5  533 F.3d 1035, 1041 (9th Cir. 2008). Here, the ALJ found Dr. Ford's June 2018 opinion
6  inconsistent with her July 2018 opinion that plaintiff is moderately limited in responding
7  appropriately to usual work situations and to changes in a routine work setting. AR 562. The
8  ALJ's finding of inconsistency—that plaintiff cannot simultaneously be found as unable to adapt
9  to new environments while also only having moderate limitations in responding to changes in a
10 routine work setting —is reasonable here. *See* AR 558, 561–62. Accordingly, the Court finds the
11 ALJ did not err in evaluating this portion of Dr. Ford's opinion for its internal inconsistency.

12      In sum, the ALJ's reasons for discounting Dr. Ford's opinions regarding plaintiff's
13 difficulties with concentration, his need to lie down, and inability to adapt to new environments
14 are supported by substantial evidence. Though the ALJ also provided other reasons to do so, the
15 Court need not assess whether those other reasons are erroneous. Even if they were legally
16 insufficient, the errors would be deemed harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*,
17 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons is at
18 most harmless error where an ALJ provides other reasons that are supported by substantial
19 evidence).

20      **II.     Whether the ALJ Properly Evaluated Plaintiff's Subjective Testimony**

21      Plaintiff contends the ALJ erred in evaluating his symptom testimony. Dkt. 19 at 11–12.
22 Defendant argues, however, that the law of the case doctrine prevents the Court from
23 reconsidering the evaluation of plaintiff's testimony. Dkt 15 at 3–5. The Court agrees.

24

ORDER ON PLAINTIFF'S COMPLAINT - 6

1     "The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). This Court previously found in 2021 that the ALJ did not err in rejecting plaintiff's testimony based on his activities. AR 2097–98. In the instant case, the ALJ provided the same reason and cited to the same evidence. *Compare* AR 31 (citing to plaintiff's ability to run a dog/animal rescue, maintain their property, perform household chores, drive, and manage finances) *with* AR 2017 (same). The doctrine is precluded only "when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d at 567. Considering that the Court previously affirmed the ALJ's reasoning, and the ALJ has provided that same reasoning here and cited to the same evidence, the Court finds the doctrine applies. Accordingly, the Court will not disturb its previous finding that the ALJ did not err in discounting plaintiff's testimony.

    Defendant also points out that though the Court inadvertently referred to the 2019 ALJ decision by ALJ Mauer in its 2021 order, rather than ALJ Erickson's 2020 decision, the analysis as to whether the doctrine applies should not change. *See* Dkt. 15 at 3, n. 1. The Court again agrees. As explained, the application of doctrine is precluded only "when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d at 567. The evidence relied on by both ALJs have remained the same from 2019 to 2022: plaintiff's ability to run a dog/animal rescue, maintain his property, perform household chores, drive, and manage finances. *See* AR 31, 707–79, 2017. The doctrine, therefore, still would not be precluded here even though the Court inadvertently referred to the ALJ Mauer's 2019 decision rather than ALJ Erickson's 2020 decision in its 2021 order.

### III. Remedy

As the Court has found that ALJ did not err in discounting Dr. Ford's opinion and the law of the case doctrine prohibits the Court from disturbing its 2021 finding that the ALJ did not err in discounting plaintiff's subjective symptom testimony, the Court affirms the ALJ's decision.

### CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's final decision and DISMISSES this case with prejudice.

Dated this 14th day of March, 2023.

J. Richard Creatura
United States Magistrate Judge